UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Tonya Rives,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>Whiteside School District No. 115,<br>Illinois Federation of Teachers,<br><br>　　　　　　　　　　Defendants. | CASE:  3:11-CV-01145-<br>GPM-SCW |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I.　　FACTUAL BACKGROUND**

Plaintiff Tonya Rives ("Plaintiff") is a former employee of the Whiteside School District No. 115.  Defendant Illinois Federation of Teachers ("IFT") is a statewide labor organization. Plaintiff filed the initial complaint ("Complaint") on December 30, 2011. According to her Complaint, Plaintiff brings this action asserting claims under Title VII of the Civil Rights Act of 1964, at 42 U.S.C. § 2000e, as amended *inter alia* by the Civil Rights Act of 1991.  Plaintiff's Count I, which is incorporated by reference and fully alleged in Count II against Defendant IFT, alleges that "[s]imilarly situated employees of a different race are not discriminated against." Plaintiff's Count II against IFT alleges that Plaintiff was "denied union representation to contest her termination" and that "[s]imilarly situated employees whose race is different than Plaintiff have not been subject to such declination of representation."

**II.     ARGUMENT**

    A.     Fed.R.Civ.P. §12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that the court may dismiss a complaint for failure to state a claim upon which relief can be granted.  Federal notice pleading standards require that the pleading must allege enough facts to raise their claims above the level of speculation and must "nudge their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   The pleading must allege facts sufficient to "state a claim for relief that is plausible on its face." *Id.*  A claim achieves facial plausibility when pled facts allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).  It is not sufficient for a plaintiff to provide "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Id.* at 545.  Accordingly, when a court considers a plaintiff's allegations, it "should not accept as adequate abstract recitations of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss the complaint for failure to state a claim upon which relief can be granted.

The complaint against the IFT must be dismissed in its entirety under Fed.R.Civ.P. §12(b)(6) because it fails to meet the requirements of Federal Rule of Civil Procedure 8(a)(2): a plain statement of the claim showing that the pleader is entitled relief.  Both Counts of the Complaint contain only conclusory legal assertions that are insufficient to raise more than a speculative right to relief, and the Complaint fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949-50.

It is unclear whether or not the allegations in Count I: "Racial Discrimination: Whiteside School District" are also alleged against IFT. Paragraph 16 of Count II states that "Plaintiff hereby realleges all previous paragraphs and incorporates them herewith by reference as if fully alleged in Count II." Nevertheless, the allegations in paragraph 13 of Count I are clearly inapplicable to IFT, a labor organization, which has neither the power nor authority to deny tenure to or terminate Plaintiff's employ. Moreover, the statements in Count I are wholly conclusory and fail to state the basis of Plaintiff's claim. For example, Plaintiff claims "[d]efendant discriminates on the basis of race" and "[s]imilarly situated employees of a different race are not discriminated against as was Plaintiff." These statements are "labels and conclusions" that fail to state the nature of Plaintiff's claim, *Twombly*, 550 U.S. at 556, mere "threadbare recitals" that "fail entirely to move the claims from conceivable to plausible." *Crawford v. Countrywide Home Loans, Inc.*, 3:09-cv-247-PPS-CAN, 2010 WL 597942 at *2 (N.D. Ind., Feb. 12, 2010). Count I must be dismissed as against the IFT.

The allegations in Count II are either wholly conclusory or simply incoherent. Not only does Plaintiff fail to plead any elements of a cause of action, but she completely fails to state the actual legal theory. Plaintiff does not specify the source of law in her assertion of the failure to represent claim. It is wholly unclear whether Plaintiff is asserting a claim for discrimination under Title VII, a claim for a breach of the duty of fair representation, or an entitlement to relief under some other legal theory. Plaintiff asserts that "as a dues paying member of IFT, she was nevertheless denied union representation to contest her termination." Plaintiff further alleges that "[s]imilarly situated employees whose race is different than Plaintiff have not been subject to such declination of representation." This statement is simply an abstract recitation of a cause of action that has not been alleged, and does not suffice to state a claim.

3

B.   Fed.R.Civ.P. §12(b)(1)

   i.   Violation of Duty of Fair Representation Claim

Not only are these statements not sufficient to put the IFT on notice of the nature of its alleged wrongdoing, but if the Plaintiff is asserting a violation of the duty of fair representation, such allegation by a public sector employee is not within the jurisdiction of the federal courts, but of the Illinois Education Labor Relations Board, and should be dismissed under §12(b)(1) of the Federal Rules of Civil Procedure.

Public employees, such as Plaintiff, must bring claims for breach of the duty of fair representation before the Illinois Education Labor Relations Board because it is considered an unfair labor practice under the Illinois Public Labor Relations Act.  *Foley v. AFSCME Council 31,* 199 Ill. App.3d, 6, 10 (1990); see also *Cessna v. City of Danville,* 296 Ill. App. 3d 156 (1998) and *Gantz v. McHenry County Sheriff's Department Merit Commission*, 296 Ill. App. 3d, 335 (1998).  "Section 5 of the Illinois Public Relations Act grants the Illinois Labor Relations Board exclusive jurisdiction over unfair representation claims and final orders issued by the Board are <u>only</u> appealable to the appellate court."  *Foley* at 10, 11.  See also *Pugh v. Chicago Teachers Union,* 2012 WL 1623222 (N.D. Ill. May 8, 2012): "The Court concludes that under the reasoning of the courts in *Compton, Cessna,* and *Foley,* the IELRB has exclusive jurisdiction over Pugh's duty of fair representation claim. *See Proctor v. Bd. of Educ., Sch. Dist. 65,* 392 F.Supp.2d 1026, 1031 (N.D.Ill.2005) (federal court has no jurisdiction over claim that school district breached collective bargaining agreement because IELRB had exclusive jurisdiction)."

The Complaint is simply insufficient to put Defendant on notice as to the nature of its alleged wrongdoing. It does not affirmatively suggest an actual entitlement to relief. Rather, the Complaint as a whole fails to raise more than a mere speculative claim to relief, and therefore should be dismissed. Finally, any claims against the IFT relating to a failure of its duty of fair representation are outside the scope and jurisdiction of the federal court.

    ii.    <u>The IFT is not a Proper Party</u>.

Moreover, the Complaint should be dismissed for lack of subject matter jurisdiction because the IFT is not the proper party.

The Illinois Federation of Teachers ("IFT") is a statewide labor organization that provides certain support to the various IFT local unions throughout the State of Illinois. For example, the IFT provides some local unions with field service directors who assist locals in negotiating collective bargaining agreements. The IFT also provides local unions and its members with professional development training, legislative support, political action support, and certain benefits, such as catastrophic medical insurance, disability income protection insurance, car rental discounts, credit counseling, health club discounts, term life insurance, and the like.

The IFT is the *umbrella organization* within the State of Illinois. Local unions become affiliated with the IFT in order to obtain support from the IFT. The IFT, in turn, is a member of the American Federation of Teachers, the national organization which represents the interests of the various State Federations.

The IFT does not represent any individual members, nor is the IFT a party to any collective bargaining agreements with employers. The IFT does not grieve any discipline issued

to teachers who may be members of a local union. Grievances are solely within the jurisdiction and province of the local unions. Members belong to one of these individual local unions, and any grievances they have are addressed by the individual local union.

As a teacher of the Whiteside School District No. 115, Plaintiff was a member of the Whiteside Federation of Teachers, Local 4130 IFT/AFT, AFL-CIO. At all material times, Whiteside Federation of Teachers, Local 4130 IFT/AFT, AFL-CIO and the Whiteside School District were parties to a collective bargaining agreement. (See Collective Bargaining Agreement, attached hereto as IFT Ex. 1) This collective bargaining agreement governed the terms and conditions of Plaintiff's employment, including the grievance procedure. Any grievance that Plaintiff would have filed would have been filed with and addressed by the Whiteside Federation of Teachers, Local 4130 IFT/AFT, AFL-CIO, the local union to which Ms. Rives belonged, and not the IFT.

    C.    Fed.R.Civ.P. §12(e)

In the event this Court determines that the count(s) against the IFT should not be dismissed, the complaint is so unclear that the IFT is unable to frame a fair response to the pleading and requires a more definite statement. *American Nurses' Ass'n v. State of Ill.,* 783 F.2d 716, 725 (7th Cir. 1986)

### III. CONCLUSION

Based on the undisputed facts and settled case law set forth above, Defendant Illinois Federation of Teachers respectfully request that this Court grant the Motion to Dismiss Plaintiff's Complaint in its entirety.

                                        Respectfully submitted,
                                        ILLINOIS FEDERATION OF TEACHERS

                                        By:  s/Marisel A. Hernandez
                                             Marisel A. Hernandez
                                             Attorney for Defendant, IFT

Jacobs Burns Orlove & Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
Tel: (312) 327-3447
Fax: (312) 580-7175
E-mail: mhernandez@jbosh.com


### CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2012, I electronically filed Defendant's Memorandum In Support of Its Motion to Dismiss Plaintiff's Complaint, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Jason R. Craddock
    Attorney for Plaintiff
    29 S. LaSalle Street, Suite 440
    Chicago, IL 60603
    Captian1970@thelifeline.net

    Howard W. Small
    Attorney for Defendant, White School District #115
    Law Office of Small & Freeman, Ltd
    41 East University Ave, Suite 3D
    Champaign, IL 61824
    hws@smallandfreemanlaw.com

                                        Respectfully submitted,

                                        s/ Marisel A. Hernandez
                                        Marisel A. Hernandez