IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONYA RIVES,<br>   Plaintiff,<br><br>-vs-<br><br>WHITESIDE SCHOOL DISTRICT<br>NO. 115,<br><br>   Defendant. | Case No.: 3:11-cv-01145-GPM-SCW<br>CJRA TRACK: 3<br>Presumptive Trial Month: 9/2013<br><br>Judge: Murphy, Williams |

## MOTION TO DISMISS COUNTS II AND III OF AMENDED COMPLAINT PURSUANT TO FEDERAL RULE 12(b)(6), WITH INCORPORATED MEMORANDUM OF LAW

Defendant, WHITESIDE SCHOOL DISTRICT NO. 115, by its attorney, Howard W. Small of the Law Office of Small & Freeman, Ltd., pursuant to Federal Rule 12(b)(6) hereby moves the Court to dismiss Counts II and III of the Amended Complaint, stating in support as follows:

  1.  Attached hereto as Exhibits A & B are copies of the Charges of Discrimination filed on a combined basis with the Illinois Department of Human Rights and EEOC by Plaintiff. Defendant asks that the Court take judicial notice of these public documents.

  2.  Attached hereto as Exhibit "C" is a copy of the Illinois Department of Human Rights Notice of Fact Finding Conference dated April 27, 2011, reflecting that at that time Plaintiff was represented by attorney Jason Craddock. Defendant requests the Court to take judicial notice of this public record.

  3.  Attached hereto as Exhibits D & E are Orders of Closure in each of the above referenced Charges of Discrimination, each Order reflecting that as of September, 2011 Plaintiff was still represented by attorney Jason Craddock.

  4.  The original Complaint in this matter was filed on December 30, 2011 on behalf of Plaintiff by attorney Jason Craddock. It contained only a single Count against this Defendant based upon alleged race discrimination in employment.

  5.  In January, 2013 Plaintiff sought leave of Court to amend her Complaint, re-alleging Count I based upon the same allegations of racial discrimination in employment, but also seeking to add Counts II and III, with Count II being based upon alleged sexual harassment

1

and Count III being based upon alleged retaliation resulting from Plaintiff's rejection of the purported sexual harassment.

      6.    Counts II and III of the Amended Complaint exceed the scope of the IDHR/EEOC Charges, and therefore were not properly exhausted before the filing of the Federal Court suit. Accordingly, pursuant to Federal Rule 12(b)(6), Counts II and III of the Amended Complaint should be dismissed with prejudice.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

      The basic law pertaining to this area is set forth in *Smith v. Rosebud Farmstand*, 2012 WL 5562769 (U.S. Dist. Court, N.D. Ill., Eastern Div., 2012). There, the court went into an exhaustive analysis when a plaintiff tried to file a Federal Court suit which was broader than the charges that had been made below before the EEOC. The court set forth a number of legal principles. It indicated that the scope of a judicial proceeding subsequent to an EEOC charge is limited by the nature of the charges filed with the EEOC. The limitation, like the statutory limitations, is not jurisdictional, but is a condition precedent to recovery. In order to determine whether the allegations in the Complaint fall within the scope of the earlier EEOC Charge, a court must decide whether the allegations are like or reasonably related to those contained in the EEOC Charge. The purpose of this rule is designed at once to give notice to the employer of the nature of the claims against it, and to provide an opportunity for the EEOC and the employer to settle the dispute. The court indicated in the *Smith* case that normally, retaliation, sex discrimination and sexual harassment charges are not like or reasonably related to one another so as to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another. Similarly, in the case at bar, sexual harassment, and retaliation for not succumbing to the sexual harassment are not like or reasonably related to the original Count in the Complaint for race discrimination, which was the subject of the Plaintiff's EEOC Charges. In all pertinent ways, the *Smith* court ended up denying plaintiff the right to proceed on these differing allegations.

      Similarly, in *Miller v. American Airlines*, 525 F.3d 520 (7th Cir., 2008) with respect to a claim under the ADEA, a claim in a Federal lawsuit that was not alleged in the EEOC Charge could not be brought. The court indicated in its analysis under note 6 that a plaintiff generally cannot bring a claim in an ADEA lawsuit that was not alleged in the EEOC Charge. The court

indicated that this requirement is to insure that the employer has notice about the particular challenged conduct and provides an opportunity for settlement of the dispute. The court went on to indicate that at the very least, the claims should involve the same conduct and implicate the same individuals.

Here, there is no similarity between the allegations of the original Charges filed with the EEOC and Counts II and III of the Amended Complaint. Accordingly, Counts II and III should be dismissed with prejudice, pursuant to Rule 12(b)(6).

In her Motion for Leave to File Amended Complaint file marked 1/7/13, Plaintiff refers to the *Unterreiner* and *Kephart* cases. Those cases are distinguishable and do not support Counts II and III proceeding forward. In *Unterreiner*, the result was that the court held that there was no tolling of the statute of limitations for filing of the purported age discrimination claim. The *Unterreiner* court refers to the *Kephart* case, and indicates that the statute of limitations will begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the ADEA. In the case at bar, Exhibits "C", "D" and "E" establish that Plaintiff was represented by counsel during the course of the proceedings before IDHR/EEOC as early as April, 2011, and at no time during the administrative proceedings did Plaintiff seek to amend her Charge documents. In *Kephart* a statutorily required notice was not posted by the employer, so the court indicated the statute would be tolled, but also indicated that the statutory limitations will begin to run when the employee either retains an attorney or acquires actual knowledge of his rights under the statute. Once again, Plaintiff has had attorney representation at least back to April, 2011. Significantly, the *Kephart* court also indicated in its discussion under note 1 that with respect to comparing rulings on the ADEA with rulings under title VII of the Civil Rights Act, that analogies as between the two are of little guidance. Accordingly, both *Kephart* and *Unterreiner* are distinguishable on their facts as well as distinguishable upon the underlying statutory basis and any comparison that could be made as between the ADEA and the Civil Rights Act.

The allegations in Counts II and III of the Amended Complaint are far different than anything that was alleged in the Charging documents before IDHR/EEOC. Plaintiff was represented by counsel during the administrative proceedings. Plaintiff has established no legal reason entitling her to proceed under the new allegations contained in Counts II and III of the Amended Complaint. Accordingly, Counts II and III should be dismissed with prejudice.

s/ **Howard W. Small**
Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendant Whiteside School District #115
Law Office of Small & Freeman, Ltd.
41 East University Avenue, Suite 3D, P.O. Box 1337
Champaign, IL 61824-1337
Telephone: (217) 954.0635
Facsimile: (217) 954.0659
E-mail: hws@smallandfreemanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason R. Craddock, Esq., captain1970@thelifeline.net

s/ **Howard W. Small**
Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendant Whiteside School District #115,
Law Office of Small & Freeman, Ltd.
41 East University Avenue, Suite 3D, P.O. Box 1337
Champaign, IL 61824-1337
Telephone: (217) 954.0635
Facsimile: (217) 954.0659
E-mail: hws@smallandfreemanlaw.com

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#10M0518.22 RECEIVED | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2010 SF4043 |
|---|---|---|

### Illinois Department of Human Rights and EEOC
*Dept. of Human Rights*  
*JUN 22 2010*

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) | | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Ms. Tonya Rives | | 618-344-6496 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 92 Fox Run Rd | Collinsville, Il 62234 | / / M D Y |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) |
|---|---|---|
| Whiteside School Dist #115 | | 618-239-0000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 111 Warrior Way | Belleville, Il 62221 | St. Clair |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Race | 4-29-10<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS
   1. Different terms and conditions continuing through ~~April~~ MARCH (T.R.) 29, 2010, related to race, Black.

   B. PRIMA FACIA ALLEGATIONS
   1. My race is Black.
   2. I was well qualified and performed the duties of teacher in a manner consistent with policy.
   3. I was subject to different terms and conditions continuing through April 29, 2010. The different terms and conditions consists of an unfair lunch and break schedule and unfair teaching assignments.
   4. Respondent afforded non-Black teachers more preferable lunch & break periods and lighter workloads in comparison to mine.

Page 1 of 2

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 22nd DAY OF June, 2010

X [signature] Joanne P. Rapp
NOTARY SIGNATURE

"OFFICIAL SEAL"
JOANNE P. RAPP
NOTARY PUBLIC—STATE OF ILLINOIS
MY COMMISSION EXPIRES JUNE 14, 2012
NOTARY STAMP

X [signature] Tonya Rives   06/22/10
SIGNATURE OF COMPLAINANT   DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 11/09-INT)

EXHIBIT A

EXHIBIT
GMp #12

Control Number: 10M0518.22
Complainant: T. Rives
Page 2 of 2

II. A. ISSUE/BASIS
1. Denial of evaluation process continuing through April 29, 2010, related to race, Black.
B. PRIMA FACIA ALLEGATIONS
1. My race is Black.
2. I was well qualified and performed the duties of teacher in a manner consistent with policy and I had never been subject to discipline.
3. The Illinois School Code requires the evaluation process for all non-tenured teachers. I was denied the benefit of the evaluation process continuing through April 29, 2010.
4. It is my sincere belief that non-Black non-tenured teachers, have been afforded the evaluation process.

III. A. ISSUE/BASIS
1. Discharge on April 29, 2010, related to race, Black.
B. PRIMA FACIA ALLEGATIONS
1. My race is Black.
2. I was well qualified and performed the duties of teacher in a manner consistent with policy and I had never been subject to discipline.
3. I was discharged from employment on April 29, 2010. Respondent stated my unprofessional/inappropriate behavior with student and parents necessitated my discharge.
4. Respondent has not discharged non-Black teachers under similar subjectively derived circumstances.

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#11M0928.07 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2011SF1041 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Ms. Tonya Rives | TELEPHONE NUMBER (include area code)<br>618-344-6496 | |
|---|---|---|
| STREET ADDRESS<br>92 Fox Run Rd | CITY, STATE AND ZIP CODE<br>Collinsville, Il 62234 | DATE OF BIRTH<br>/ /<br>M D Y |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Whiteside School Dist #115 | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code)<br>618-239-0000 |
|---|---|---|
| STREET ADDRESS<br>111 Warrior Way | CITY, STATE AND ZIP CODE<br>Belleville, Il 62221 | COUNTY<br>St. Clair |
| CAUSE OF DISCRIMINATION BASED ON:<br>Race | | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL)<br>4-29-10<br>☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUE/BASIS
  1. Denial of tenure on April 29, 2010, related to race, Black.
 B. PRIMA FACIA ALLEGATIONS
  1. My race is Black.
  2. I was well qualified and performed the duties of teacher in a manner consistent with policy.
  3. I was denied tenure on April 29, 2010.
  4. Respondent has not denied tenure to non-Black teachers who had similar credentials and seniority.

**EXHIBIT**
Rp's #15

Page 1 of 1

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br>THIS 6th DAY OF October, 2010<br>X _Joanne P. Rapp_<br>NOTARY SIGNATURE |
|---|---|
| "OFFICIAL SEAL"<br>JOANNE P. RAPP<br>NOTARY PUBLIC—STATE OF ILLINOIS<br>MY COMMISSION EXPIRES JUNE 14, 2012<br>NOTARY STAMP | X _Tonya Rives_<br>SIGNATURE OF COMPLAINANT    DATE<br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

EEO-5 FORM (Rev. 11/09-INT)


EXHIBIT B

ILLINOIS DEPARTMENT OF
# Human Rights

Pat Quinn, Governor
Rocco J. Claps, Director

April 27, 2011

Complainant
Ms. Tonya Rives
C/o Jason Craddock
227 West Maple, Suite C
New Lenox, IL 60451

Respondent
Whiteside School District #115
C/o Howard W. Small
41 East University Avenue, Suite 3D
P. O. Box 1337
Champaign, IL 61824-1337

To Attend: Ron Trelow
Peggy Burke
Marshaun Johnson

Charge
Number(s): 2010SF4043 & 2011SF1041
Complainant: Tonya Rives
Respondent: Whiteside School District #115

## NOTICE OF FACT FINDING CONFERENCE

The persons named above are hereby required to appear and participate in a fact-finding conference scheduled for **June 1, 2011 at 1:30 p.m. to be held at the Regional Office of Employment Security, 321 B Withers Drive, Mt. Vernon, Illinois.** Said conference will be conducted by the Department representative whose name and telephone number appear at the bottom of this notice.

The fact-finding conference is an investigative forum intended to define the issues, determine which facts are undisputed, obtain evidence and ascertain whether there is a basis for a negotiated settlement of the charge. An attorney or other representative (or a friend or relative) may accompany you to the conference. However, you may not send a substitute for yourself. If you bring persons whose presence has not been requested without first receiving express permission to do so from the Department representative, those persons will be heard only at the discretion of the Department representative.

**RESPONDENT'S FAILURE TO ATTEND THE FACT FINDING CONFERENCE AS SCHEDULED MAY SUBJECT THE RESPONDENT TO DEFAULT. RESPONDENTS WHO APPEAR AT THE CONFERENCE EXCLUSIVELY THROUGH AN ATTORNEY OR OTHER REPRESENTATIVE UNFAMILIAR WITH THE EVENTS AT ISSUE SHALL BE DEEMED TO HAVE FAILED TO ATTEND AND MAY SUBJECT THE RESPONDENT TO DEFAULT.** If Respondent's representatives who are named in the fact

100 West Randolph Street, Suite 10-100, Chicago, IL ... 5125, Housing Line (800) 662-3942
222 South College Street, R... 785-5100
2309 West Main St...

EXHIBIT
C

Charge Number(s): 2010SF4043 & 2011SF1041
Page 2 of 2

finding notice no longer work for Respondent, or are not available, please contact the investigator immediately.

**COMPLAINANT'S FAILURE TO ATTEND THE CONFERENCE MAY RESULT IN DISMISSAL OF THE CHARGE.** If a Questionnaire or Request for Further Information is enclosed with this notice, you are requested to complete and return it to the Department representative by N/A. You may submit complete written statement of your position including a proposal for settlement. Any evidence or statements you provide will be made a part of the file and will be considered by the Department in its investigation, but settlement discussions will not be used as evidence without the written consent of the parties.

You must provide all relevant evidence which is available to you, and you must tell the Department representative named below of any other material or witnesses you deem relevant at your earliest opportunity, but no later than at the fact finding conference on the date indicated above.

**RESPONDENT'S FAILURE TO SUBMIT RELEVANT EVIDENCE MAY BE CONSTRUED AGAINST RESPONDENT AND RESULT IN A FINDING OF SUBSTANTIAL EVIDENCE.**

**COMPLAINANT'S FAILURE TO SUBMIT RELEVANT EVIDENCE AND INFORMATION MAY RESULT IN A FINDING OF LACK OF SUBSTANTIAL EVIDENCE OR DISMISSAL OF THE CHARGE FOR FAILURE TO COOPERATE.**

The Department strongly encourages the settlement of charges prior to or during the Fact Finding Conference. If you would like to discuss the possibility of a settlement, please contact the investigator named below.

If you need a reasonable accommodation as a person with a disability to participate in this conference, you should contact your investigator, whose name and telephone number appear at the bottom of this notice, or Susan Allen, the Department's ADA Coordinator, at (217) 785-5119, or Susan.Allen@illinois.gov.

*Dee Ann Hammack*
Dee Ann Hammack, INVESTIGATOR

(618) 993-7462
TELEPHONE

DAH/yjt
FFC NOTICE CPRP
rev. 03/11

# ILLINOIS DEPARTMENT OF HUMAN RIGHTS

## FACT-FINDING CONFERENCE EXPLANATION OF PROCEDURE

1. Ordinarily, all documents or other non-testimonial evidence submitted by each party in support of its position shall be submitted to the investigator **before** the fact-finding conference. In order to help narrow the issues and explore the possibility of settlement, the evidence will usually be discussed with the other parties, either before or at the fact-finding conference. If the fact-finding conference does not result in settlement or withdrawal of the charge, the investigator will determine what further investigation, if any, will be conducted before preparing the investigative report.

2. Each party may be accompanied by an attorney or other representative. A party who attends a conference **only** by attorney will be considered as having failed to attend and may be subject to default proceedings. Attorneys may advise their clients and offer input but they will **not** be permitted to answer factual questions for the parties or witnesses.

3. The investigator conducts the conference and determines what persons shall be present and who will be questioned. The parties should bring only those persons requested by the investigator, unless they have received the investigator's approval to bring other people. The parties may not submit affidavits instead of bringing the persons requested by the investigator unless the investigator agrees that there is good reason for the person not being present. All questions are asked by the investigator. A question that a party wants asked should be addressed to the investigator who will decide whether to ask it.

4. The investigator opens the conference by reading the fact-finding conference opening statement. The investigator reviews conference procedures. All persons attending the conference complete the sign-in sheet and the attorneys file appearances, if not previously filed. The charge is read by the investigator.

5. An investigator will take notes during the fact finding conference, except for settlement discussions. These will be maintained in the Department's investigation file.

FF1B/CPFORMS
12/2008

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
)
TONYA RIVES, ) CHARGE NO. 2010SF4043
) EEOC NO. N/A
COMPLAINANT, )
AND )
)
)
WHITESIDE SCHOOL DISTRICT )
NO. 115, )
)
RESPONDENT. )

### ORDER OF CLOSURE

Charge Number 2010SF4043 having been filed with the Department of Human Rights by Complainant against Respondent, and Complainant having submitted a written request to withdraw the charge pursuant to the Department's Rules and Regulations;

NOW, THEREFORE, it is hereby ORDERED that Complainant's request to withdraw is approved and that Complainant's charge(s) be and the same is (are) closed.

ENTERED THIS 20TH DAY OF SEPTEMBER, 2011

DEPARTMENT OF HUMAN RIGHTS

BY: _____
Brent A. Harzman, Manager
Charge Processing Division


EXHIBIT D

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss | |
| COUNTY OF COOK | ) | FILE NO (S) <u>2010SF4043</u> |

## **AFFIDAVIT OF SERVICE**

Donna M. Evans, deposes and states that she served a copy of the attached <u>ORDER OF CLOSURE</u> on each person named below by depositing same this 20th day of September, 2011, in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, 60601, properly posted for FIRST CLASS U.S. MAIL, addresses as follows:

---

Jason R. Craddock
29 South LaSalle Street
Suite 440
Chicago, IL 60603

Howard W. Small
Law Office of Small & Freeman
41 East University Avenue
Suite 3D
Post Office Box 1337
Champaign, IL 61824

*Donna M. Evans*
Donna M. Evans

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

SEP 2 2 2011

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:  )
                   )
TONYA RIVES,       )    CHARGE NO. 2011SF1041
                   )    EEOC NO. N/A
    COMPLAINANT,   )
AND                )
                   )
                   )
                   )
WHITESIDE SCHOOL DISTRICT )
NO. 115,           )
                   )
    RESPONDENT.    )

### ORDER OF CLOSURE

Charge Number 2011SF1041 having been filed with the Department of Human Rights by Complainant against Respondent, and Complainant having submitted a written request to withdraw the charge pursuant to the Department's Rules and Regulations;

NOW, THEREFORE, it is hereby ORDERED that Complainant's request to withdraw is approved and that Complainant's charge(s) be and the same is (are) closed.

ENTERED THIS 20TH DAY OF SEPTEMBER, 2011

DEPARTMENT OF HUMAN RIGHTS

BY: *Brent A. Harzman*

Brent A. Harzman, Manager
Charge Processing Division



EXHIBIT E

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) ss | |
| COUNTY OF COOK | ) | FILE NO (S) <u>2011SF1041</u> |

### AFFIDAVIT OF SERVICE

Donna M. Evans, deposes and states that she served a copy of the attached <u>ORDER OF CLOSURE</u> on each person named below by depositing same this 20th day of September, 2011, in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, 60601, properly posted for FIRST CLASS U.S. MAIL, addresses as follows:

---

Jason R. Craddock
29 South LaSalle Street
Suite 440
Chicago, IL  60603

Howard W. Small
Law Office of Small & Freeman
41 East University Avenue
Suite 3D
Post Office Box 1337
Champaign, IL  61824


*Donna M. Evans*
Donna M. Evans

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.