IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Tonya Rives,   ) | |
| Plaintiff;   ) | |
| ) | |
| v.   ) | Case: 3:11cv01145-GPM-SCW |
| ) | |
| Whiteside School District No. 115, ) | |
| Defendant.   ) | |

### RESPONSE TO MOTION TO DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT

NOW COMES Plaintiff, by her attorney, Jason R. Craddock, and responding to Defendant's Motion to Dismiss, states as follows:

1. Plaintiff amended her complaint by adding *inter alia* counts for retaliation and sexual harassment, which both arise out of conduct discovered after her initial charges were filed with the Illinois Department of Human Rights (IDHR), in the course of the investigation of this matter by IDHR, specifically at an IDHR fact-finding conference, and via discovery in the instant litigation. See Declaration of Counsel, attached.

2. What was discovered first NOT under oath at the fact-finding conference was that an individual who sexually propositioned Plaintiff, namely Marshaun LeFlore, who was in a position of authority over Plaintiff at the time (she was assistant principal while Plaintiff was a teacher in a middle school with Defendant school district), was in part the driving force bringing about her termination (as she recommended such to the principal and superintendent). See Declaration of Counsel, attached.

3. This discovery was confirmed in subsequent deposition testimony given by Defendant Superintendent Peggy Burke, and by Plaintiff herself. See Declaration of Counsel, attached.

4. Plaintiff's discovery that LeFlore was in part the driving force behind Plaintiff's termination occurred long after she had filed, *pro se,* her charges of discrimination in this matter with IDHR, and reasonably led Plaintiff to believe that she was terminated in retaliation for refusing LeFlore's sexual advances. See Declaration of Counsel, attached.

5. Defendant was put on notice of the same as early as July or August 2012, as Defense counsel related to Plaintiff's counsel his discovery of information about the alleged sexual harassment and retaliation, and conveyed written documentation of the same in his Rule 26(a)(1) disclosures. See Declaration of Counsel, attached.

6. Defendant has also pursued discovery on these facts throughout the discovery process in the course of the instant litigation, specifically by questioning Plaintiff on the same in her deposition. See Declaration of Counsel, attached.

7. *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1210 (7th Cir. 1993); and *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir. 1978) stand for the proposition that newly discovered actionable conduct can toll the statute of limitations equitably in administrative proceedings such as those conducted by anti-discrimination agencies.

8. In addition, Federal Rule of Civil Procedure 15a states that leave to amend shall be "freely given when justice so requires."

9. The amendments all arise out of and relate back to the transactions and conduct originally complained against by Plaintiff, except that newly discovered by Plaintiff, of which Defendant was also on notice.

10. In *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164 (7th Cir. 1976), this Court declined to dismiss a Complaint in which the employment discrimination charge filed with the Equal

Employment Opportunity Commission (EEOC) only alleged race discrimination, but the court complaint alleged race and sex discrimination. "[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error. In the context of Title VII, no one—not even the unschooled—should be boxed out." (Citation omitted.) Id., at 167.

11. This Court also found that the Plaintiff in *Jenkins* stated a sufficient claim for race discrimination when she alleged that she began having problems with her employer after she began wearing an Afro hairstyle. "[T]echnicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiated the process." Id., at 167, quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972).

[T]he Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected…

*Jenkins, id.* (citation omitted).

12. "A plaintiff, however, may proceed on a claim not explicitly mentioned in his EEOC charge "if the claim is like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge." *Peters v. Renaissance Hotel Operating Co.,* 307 F.3d 535, 551 (7th Cir. 2002) (internal quotations and citations omitted). At the very least, these claims must involve the same conduct and implicate the same individuals. Id. (citations omitted)." *Graham v. AT&T*

*Mobility, LLC*, 247 Fed.Appx. 26, 32-33 (7th Cir. 2007).

13. Plaintiff's complaint should not be dismissed because she alleged wrongdoing not specifically stated in her IDHR charge. The conduct alleged involves the same conduct and implicates the same individuals: the Defendant school district is being sued for wrongfully terminating Plaintiff. No new parties or adverse actions are being alleged. And Defendant had notice of the allegations added to the amended complaint six months prior to the filing of the amended complaint. Plaintiff, on the other had, received confirmation *under oath* of the basis for the new allegations (first discovering them via testimony *not* under oath long after her *pro se* charges were filed) in December, 2012, shortly before she filed her amended complaint. See also *Box v. A & P Tea Co.,* 772 F.2d 1372, 1375 (7th Cir. 1985).

## Conclusion

For the foregoing reasons, Plaintiff urges this Court to deny Defendant's Motion to Dismiss with respect to Counts II and III (alleging sexual harassment and retaliation).

By: \_\_\_\_/s/Jason R. Craddock\_\_\_\_
Jason R. Craddock
Attorney at Law
29 S. LaSalle—Suite 440
Chicago, IL 60603
Phone: (312) 629-2818
Email: captain1970@thelifeline.net

## Certificate of Service

I hereby certify that the foregoing was electronically filed with this Court and therefore electronically served on March 18, 2013, upon the following:

Howard W. Small
LAW OFFICE OF SMALL & FREEMAN, LTD.
41 East University Avenue, Suite 3D / Post Office Box 1337
Champaign, IL 61824-1337
hws@smallandfreemanlaw.com
_____s/Jason R. Craddock_____