IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONYA RIVES,<br>   Plaintiff,<br><br>-vs-<br><br>WHITESIDE SCHOOL DISTRICT<br>NO. 115,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.: 3:11-cv-01145-GPM-SCW<br>   CJRA TRACK: 3<br>  Presumptive Trial Month: 9/2013<br><br>   Judge: Murphy, Williams |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, INSTANTER

Defendant, WHITESIDE SCHOOL DISTRICT NO. 115, by its attorney, Howard W. Small of the Law Office of Small & Freeman, Ltd., hereby objects to Plaintiff's Motion for Leave to File Response to Defendant's Motion for Summary Judgment, *Instanter*, stating in support as follows:

  1. The parties were scheduled for a conference call with the Magistrate on July 3rd at 1:30 p.m. Historically, there had been a series of status telephone conference calls over the past few months dealing with a variety of issues, including the filing of motions, etc.

  2. The Case Management Order in this case provided a case dispositive motion deadline of 5/1/13; Defendant filed a Motion for Summary Judgment on 4/19/13, in advance of the deadline.

  3. Thereafter, on two successive occasions, Plaintiff moved for extensions of time within which to respond to the Motion for Summary Judgment. On both occasions, defense counsel agreed to the extension.

  4. After the second extension, Plaintiff's deadline for response became 6/17/13. That date came and went without Plaintiff having filed a response. Further, between the time of the granting of the second extension (6/10/13) and the phone conference call on 7/3/13, defense counsel did not hear anything from Plaintiff's counsel, either by telephone or in writing, concerning any difficulties he was having filing a written response, or requesting any further extension of time.

5.  In fact, the original phone status conference was set for 6/25/13, and defense counsel appeared but Plaintiff's counsel did not. There was no communication by Plaintiff's counsel to either defense counsel or the Court regarding this non-appearance. As a result, the Magistrate indicated to defense counsel that he would track down Plaintiff's counsel, and reschedule the phone status conference. The rescheduled date became July 1st, but ultimately was not held until July 3rd.

6.  The conference was to take place on 7/3/13 at 1:30 p.m. At 1:16 p.m. on 7/3/13, fourteen minutes before the scheduled conference, defense counsel electronically received Notice of Filing of Plaintiff's Motion for Leave to File Response *Instanter*, with attached proposed Response. The phone conference was then held on 7/3/13 at 1:30 p.m.

7.  At the phone conference, defense counsel indicated to the Magistrate that he would be objecting to Plaintiff's Motion for Leave to File Response. Counsel was advised he had 14 days to file an objection in writing. Thereafter, another phone status conference was to be held on 7/18/13 at 3 p.m.

8.  Plaintiff is in violation of local court rules, for not having filed a written response to the Motion for Summary Judgment within the time allotted or, in the alternative, for not filing for further extension of time, and for not communicating with the Court and/or defense counsel regarding any further extension within the permissible time. As a result, the time for the Court to consider the Summary Judgment Motion, in advance of the scheduled trial date, (currently, September, 2013) has been compressed. This is an unnecessary result of Plaintiff not complying with local rules.

9.  Further, Plaintiff in the Motion for Leave to File Response, paragraph 1, represents that a health condition was a factor in the failure to respond, but Plaintiff does not attach any supporting medical documentation. Further, counsel represents a conflicting Court appearance, but again does not attach any supporting documentation by way of docket sheet or otherwise. In any event, however, none of the foregoing would have prevented Plaintiff's counsel from filing for another extension of time, or from communicating with either defense counsel or the Court regarding any further extension or delay. As things ended up, Plaintiff's purported Response was not tendered until 16 days after expiration of the second extension of time.

10. Local Rule 7.1(c) (2) provides that failure to timely respond to a summary judgment motion may, in the court's discretion, be considered an admission of the merits of the motion.

WHEREFORE, Defendant prays that the Court will deny Plaintiff's Motion for Leave to File Response and will consider the Motion unopposed, and grant appropriate relief to Defendant.

s/ __Howard W. Small__
Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendant Whiteside School District #115
Law Office of Small & Freeman, Ltd.
41 East University Avenue, Suite 3D, P.O. Box 1337
Champaign, IL 61824-1337
Telephone: (217) 954.0635
Facsimile: (217) 954.0659
E-mail: hws@smallandfreemanlaw.com

**Designation of lead counsel: Howard W. Small is hereby designated as lead counsel responsible for receipt of telephone conference calls and other necessary communications from the Court.**

CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason R. Craddock, Esq., captain1970@thelifeline.net

s/ __Howard W. Small__
Howard W. Small, Illinois Bar No.: 2636271
Attorney for Defendant Whiteside School District #115,
Law Office of Small & Freeman, Ltd.
41 East University Avenue, Suite 3D, P.O. Box 1337
Champaign, IL 61824-1337
Telephone: (217) 954.0635
Facsimile: (217) 954.0659
E-mail: hws@smallandfreemanlaw.com