IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONYA RIVES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-cv-01145–SCW |
| ) | |
| WHITESIDE SCHOOL DIST. No. 115 ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Plaintiff filed this case on December 30, 2011 raising Title VII claims arising out Defendant Whiteside School Dist. ("Whiteside")'s failure to grant her tenure in April 2010 because of racial discrimination. (Doc. 2). On January 25, 2013, the Court granted Plaintiff leave to amend her Complaint. (Doc. 43). She did so on January 31, 2013 and raised three new claims, two of which are at issue here. (Doc. 44). On February 13, 2013, Whiteside filed a Motion to Dismiss the claims alleging sexual harassment and retaliation under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff had not properly exhausted them before the EEOC prior to bringing them in Federal Court. (Doc. 49) For the following reasons, Whiteside's Motion (Doc. 49) is **GRANTED**.

### BACKGROUND

Whiteside ended Plaintiff's employment in approximately April 2010 when it refused to grant her tenure. (Doc. 44 ¶ 9). Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR) and the EEOC on June 23, 2010. (Doc. 49, p. 5). Plaintiff charged 1) that she was subject to different terms and conditions of her employment due to her race, black; 2) that she could not participate in the evaluation process, due to her race, black; and 3) that she was discharged on account of her race, black. (Doc. 44, p. 5-6). On October 6, 2010, Plaintiff

filed an additional charge based on Whiteside's decision to deny her tenure for allegedly racially motivated reasons. (Doc. 44, p. 7).

Plaintiff filed her Complaint on December 30, 2011. (Doc. 2). Originally, Plaintiff's Complaint raised two claims: one against Whiteside alleging racial discrimination and one against the Illinois Federation of Teachers for Failure to Represent. (Doc. 2). Plaintiff voluntarily dismissed the Illinois Federation of Teachers on July 23, 2012. (Doc. 26). On January 7, 2013, Plaintiff moved for leave to Amend her Complaint. (Doc. 37). Whiteside never filed a Response to the Motion, and the Court granted leave on January 25, 2013. (Doc. 43). The new Complaint raised, for the first time, two claims alleging sexual harassment and retaliation. (Doc. 44). Specifically, Plaintiff alleged that "in or about March and April 2010, Plaintiff was propositioned sexually on more than one occasion by assistant principal Marshaun LeFlore [Johnson], who was in a position of authority over Plaintiff at the time. Plaintiff refused such advances each time." (Doc. 44, ¶ 9). Plaintiff also pled that she did not discover that Johnson "was in part the driving force bringing about her termination," until the investigation into her claims at the administrative level by the IDHR. (Doc. 44, ¶ 17).

## ANALYSIS

On a motion to dismiss, the Court accepts all well-pled allegations in the plaintiff's complaint as true. **Fed. R. Civ. P. 12(b)(6).** The purpose of Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. ***Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 2005).** A complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. ***Covington v. Mitsubishi Motor Mfg. of America, Inc.*, 154 Fed.Appx. 523, 524 (7th Cir. 2005).** A complaint does not fail to state a claim simply because some defense is potentially available. ***Id.*** The exception occurs where "the complaint itself sets forth everything necessary to satisfy the affirmative defenses, such as when a complaint plainly

2

reveals that an action is untimely under the governing statute of limitations." *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999)). In other words, a dismissal under 12(b)(6) on the basis of an affirmative defense is appropriate when a plaintiff pleads herself out of court. *Covington*, 154 Fed. Appx. at 524-25.[1]

The original EEOC charges brought by a claimant limit the scope of a proceeding subsequently brought in Federal Court. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). This requirement gives the employer notice and an opportunity to resolve the issue, and permits the administrative agency to conduct a full investigation. *Cable v. Ivy Tech State College*, 200 F.3d 467, 476-77 (7th Cir. 1999). While not a jurisdictional bar, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982), the court must be satisfied that the issue was raised administratively as a condition precedent to recovery. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). In order to make this determination, a court must compare the allegations brought in the charging documents to the allegations in the complaint and evaluate whether "the allegations are like or reasonably related to those contained in the charge." *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001) quoting *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (quotation marks omitted). Claims brought in court are reasonably related to the prior charge where they share a common factual background. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1993). Although this is a liberal standard, *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525-26 (7th Cir. 2008), at the minimum, both the

---

[1] Both parties have submitted evidence outside of the Complaint in briefing and responding to this Motion, which strongly suggests that this Motion would be more proper as a Motion for Summary Judgment. *See Egan v. Palos Community Hosp.*, 889 F.Supp. 331, 337 (N.D. Ill. 1995). However, Plaintiff failed to raise this as a procedural issue in her response. She specifically pled that she exhausted her EEOC remedies in her Complaint (Doc. 44, ¶ 6), and as Whiteside points out, the EEOC charges filed by Plaintiff are matters of public record. The Court also finds that the EEOC documents are the only relevant documents besides the Complaint that the Court needs to evaluate to decide the present Motion. "It is well-established that a court may consider documents that are concededly authentic, reference in a plaintiff's complaint, and central to a plaintiff's claims, even if those documents are not attached to the complaint." *Smith v. Rosebud Farmstand*, 909 F.Supp.2d 1001, 1004 (N.D. Ill. 2012) citing *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

3

charge and the complaint must describe the same conduct and implicate the same individuals.  **Id.**  In short, the standard is whether the claim "could have developed from . . . the investigation of the charge before [IDHR]."  **Cable, 200 F.3d at 477**.

Here, the Court finds that the allegations in the Complaint are not reasonably related to the charge documents.  The Charge documents make the following factual allegations:

> I was subject to different terms and conditions continuing through April 29, 2010.  The different terms and conditions consist of an unfair lunch and break schedule and unfair teaching assignments.  Respondent afforded non-Black teachers more preferable lunch & break periods and lighter workloads in comparison to mine.
>
> I was denied the benefit of the evaluation process continuing through April 29, 2010.  It is my sincere belief that non-Black non-tenured teachers, have been afforded the evaluation process.
>
> I was discharged from employment on April 29, 2010.  Respondent stated that my unprofessional/inappropriate behavior with students and parents necessitated my discharge.  Respondent has not discharged non-Black teachers under similar subjectively derived circumstances.
>
> I was denied tenure.  Respondent has not denied tenure to non-Black teachers who had similar credentials and seniority.
> (Doc. 49 pp. 5-7).

Plaintiff never mentions Johnson by name in any of her charging document.  Rather, she lays out a series of acts that suggest racial discrimination.  None of the actual acts that she complains of could remotely be construed as sexual harassment.  This is fatal to Plaintiff's arguments here.  "When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge."  **Cheek v. Western and Soutern Life Ins. Co., 31 F.3d 497, 503 (7th Cir. 1994)**.  Plaintiff has not explained and this Court cannot imagine how a reasonable person would infer *sexual* harassment from Plaintiff's allegations of shorter breaks, inadequate evaluations, and heavy workload.  In fact, other courts have found that allegations of sexual discrimination are insufficient and not reasonably related to claims of sexual harassment.  **Id.**

4

citing *Nicol v. Imagematrix, Inc.,* **767 F.Supp. 744, 752-54 (E.D. Va 1991);** *Torriero v. Olin Corp.,* **684 F.Supp. 1165, 1170 (S.D.N.Y. 1988)**. So it must also fare with racial discrimination. The Court finds that Plaintiff's charges of racial discrimination are not reasonably related to her later allegations of sexual harassment and retaliation.

Plaintiff relies heavily on *Jenkins v. Blue Cross Mut. Hops. Ins. Inc.,* a case in which the Seventh Circuit found that the plaintiff had stated claims for both racial and sexual discrimination based on the charging documents that both referred to her negative treatment due to her Afro hairstyle and an allegation that her supervisor had "also accused me of being a leader of the girls on the floor." **538 F.2d 164, 169 (7th Cir. 1976)**. The charging documents went on to allege that a white female employee was denied a promotion because of her association with the plaintiff. *Id.* The court found that the two statements about being the leader of the girls and that another female was denied a promotion provided a factual basis in the charging documents for the claims of sexual discrimination in the Complaint. *Id.* This is distinguishable from the case here where Plaintiff's charging documents do not contain any facts related to sexual harassment.

Plaintiff argues in her response that she did not discover these claims until after she filed the charging documents and that Defense counsel has long been aware of those allegations. She also argues that *Unterreiner v. Volkswagen of America, Inc.,* **8 F.3d 1206 (7th Cir. 1993)** and *Kephart v. Instiute of Gas Technology,* **581 F.2d 1287 (7th Cir. 1978)** stand for the proposition that newly discoverable actionable conduct can toll the statute of limitations in equitable proceedings. The undersigned disagrees with Plaintiff's characterization of the case law,[2] but that is beside the point. Defendants have not raised a statute of limitations defense, and Plaintiff has not shown why a statute of limitations analysis would be relevant to the scope of the charging documents. Even if the Court accepted Plaintiff's claim that she was unaware of Johnson's

---

[2] Both cases appear to address whether equitable tolling is available when an employer failed to post an ADEA notice.

retaliatory role in her termination until discovery, surely Plaintiff knew of the alleged sexual harassment at the time it happened, and could have timely brought that claim in a charging document. She failed to do so. Plaintiff also raises arguments related to the standard for leave to amend. These arguments are totally irrelevant as leave to amend has already been granted and the Complaint has been amended.

## CONCLUSION

For the above reasons, Defendant Whiteside's Motion to Dismiss (Doc. 49) Counts two and three is **GRANTED**. Claims one and four remain pending.

**IT IS SO ORDERED.**

DATED: September 20, 2013

/s/ ***Stephen C. Williams***
STEPHEN C. WILLIAMS
United States Magistrate Judge